# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOLITA DUGLAS,<br>**Plaintiff,**<br><br>v.<br><br>FRED KAMPER,<br>**Defendant.** | :<br>:<br>:<br>: **CIVIL ACTION NO. 19-CV-3010**<br>:<br>:<br>: |

## MEMORANDUM

**PRATTER, J.**                               **JULY 15, 2019**

*Pro se* Plaintiff Lolita Duglas has filed a Complaint using the Court's preprinted form asserting federal question jurisdiction over her claim against Defendant Fred Kamper. She also filed a Motion for Leave to Proceed *In Forma Pauperis*. For the following reasons, Ms. Duglas will be granted leave to proceed *in forma pauperis* and her Complaint will be dismissed without prejudice for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. FACTS

Ms. Duglas's Complaint is brief. She asserts that on March 20, 1984 she left her home in Philadelphia with personal belongings and went to 1023 B. Spencer Street where she stayed the night. When she left that location, she left her personal belongings behind and, apparently, or allegedly Defendant Kamper has them. She asks the Court to help her get her belongings returned.

## II. STANDARD OF REVIEW

The Court will grant Ms. Duglas leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fee to commence the civil action. When allowing a plaintiff to proceed *in forma pauperis*, however, the Court must review the pleadings and dismiss the matter

if it determines that the action is frivolous, malicious, or fails to set forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). As a plaintiff commencing an action in federal court, Ms. Duglas bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))). Because Ms. Duglas is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## II. DISCUSSION

In her Complaint, Ms. Duglas does not assert a basis for this Court's exercise of subject matter jurisdiction. From her allegations, the Court can discern no basis for the exercise of federal question jurisdiction under 28 U.S.C. § 1331. Accordingly, any federal claim that Ms.

2

Duglas seeks to assert must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for lack of subject matter jurisdiction.

Because the Court has dismissed her federal claims, the Court will not exercise supplemental jurisdiction over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Ms. Duglas asserts that both she and Mr. Kamper have addresses in Philadelphia, Pennsylvania. Accordingly, there is no basis for the exercise of diversity jurisdiction.

For these reasons, Ms. Duglas's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for lack of subject matter jurisdiction. An appropriate Order follows.

BY THE COURT:

_/s/ Gene E.K. Pratter_
GENE E.K. PRATTER, J.