IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOLITA DUGLAS,<br>    Plaintiff | :<br>:<br>: |
| v. | :    **CIVIL ACTION NO. 19-CV-3010** |
| FRED KAMPER,<br>    Defendant | :<br>:<br>: |

## MEMORANDUM

**PRATTER, J.**                                                          **SEPTEMBER , 2019**

In a Memorandum and Order entered on July 17, 2019, the Court granted leave to *pro se* Plaintiff Lolita Duglas to proceed *in forma pauperis* and dismissed her Complaint without prejudice for lack of subject matter jurisdiction. (ECF Nos. 4, 5.) Ms. Duglas was granted leave to file an amended complaint if she was able to cure the jurisdictional defect. On July 26, 2019, Ms. Duglas filed a Motion seeking the same relief she had sought in her Complaint, namely, the return of certain personal belongings she alleges are in the possession of Fred Kamper. (ECF No. 6.) Ms. Duglas filed an Amended Complaint on August 7, 2019. (ECF No. 7.) For the following reasons, the Motion will be denied, and the Amended Complaint will be dismissed without prejudice for lack of subject matter jurisdiction.

## I.    FACTS

Ms. Duglas's original complaint was brief. She asserted that on March 20, 1984 she left her home in Philadelphia with personal belongings and went to 1023 B. Spencer Street where she stayed the night. When she left that address, she left her personal belongings behind, and she claims, Mr. Kamper has them. She asked the Court to help her reclaim her belongings. The Court dismissed the Complaint without prejudice because the Court could discern no basis for

the exercise of federal question jurisdiction under 28 U.S.C. § 1331, and complete diversity was lacking under 28 U.S.C. § 1332(a) because Ms. Duglas asserted that both she and Mr. Kamper were located in Philadelphia, Pennsylvania.

In the Amended Complaint Ms. Duglas elaborates on the circumstances of how she misplaced her belongings, her efforts to contact Mr. Kamper, and she requests that the Court assist her in contacting Mr. Kamper. (ECF No. 7 at 2-3.) She also reiterates that both she and Mr. Kamper are located in Philadelphia. (*Id.* at 4.)

## II.   STANDARD OF REVIEW

Because the Court has granted Ms. Duglas leave to proceed *in forma pauperis*, the Court must review the pleadings and dismiss the matter if it determines that the action is frivolous, malicious, or fails to set forth a proper basis for the Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). Ms. Duglas has already been informed that even though her *pro se* pleadings will be liberally construed, as a plaintiff commencing an action in federal court, she bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." She has not done so.

## III.   DISCUSSION

Ms. Duglas has again failed to assert a basis for the Court's exercise of subject matter jurisdiction. There is no basis for the exercise of federal question jurisdiction under § 1331 because Ms. Duglas raises no federal constitutional or statutory claims. Because there is no basis

2

for federal question jurisdiction, the Court will not exercise supplemental jurisdiction over any state law claims. Finally, Ms. Duglas again asserts that both she and Mr. Kamper are located in Philadelphia, so complete diversity is lacking under § 1332(a).

Ms. Duglas was previously granted leave to amend her complaint to cure the jurisdictional defect and failed to do so. Therefore, she will not be given further leave to amend.

An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER, J.